UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:10-CV-157

COACH, INC. and
COACH SERVICES, INC.                                                    PLAINTIFFS

v.

HIP HOP FASHIONS, ET AL.                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion to Compel (Docket #13). Defendants have not responded. This matter is now ripe for adjudication. For the following reasons, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

## PROCEDURAL BACKGROUND

Plaintiffs initiated this suit on October 13, 2010. The present motion to compel was filed on February 9, 2011. Plaintiffs assert that a Rule 26 planning conference took place on December 17, 2010, and the parties agreed to produce their initial discovery disclosures by December 22, 2010. Plaintiffs complied with this deadline. On December 29, 2010, the Court held a scheduling conference during which the parties indicated they were interested in engaging in settlement negotiations. The scheduling order entered January 4, 2011, required the parties to make their Rule 26(a)(1) initial disclosures by January 7, 2011, and instructed the parties to place a joint telephone call to Magistrate Judge Goebel's chambers for a settlement conference date. Sch. Order, DN 12, p. 1.

On January 11, 2011, counsel for Plaintiffs contacted Defense counsel requesting the initial disclosures that were at that time past due. Counsel for Plaintiffs followed up on January 14, 2011, requesting a date for disclosure and a date upon which a settlement conference could

be scheduled. Defense counsel informed Plaintiffs' counsel that he had been out of the office and would deliver his initial disclosures by January 17, 2011. Plaintiffs' counsel has still not received these disclosures.

## STANDARD

Determining "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

In addition, the Court may award sanctions under Rule 37. Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

## DISCUSSION

In this case, the Court finds that Defense counsel has violated this Court's scheduling

2

order and has failed to produce initial disclosures within the time allotted by the Court and the extensions agreed upon to by Plaintiffs' counsel. This is further supported by the fact that Defense counsel has failed to respond to the present motion to compel. Accordingly, the Court grants Plaintiffs' motion to compel and orders Defense counsel to produce their initial disclosures within five (5) days of the filing of this Memorandum Opinion and Order. In addition, Defense counsel shall provide a date upon which a settlement conference may be conducted.

The Court declines, however, to award sanctions at this time. Plaintiffs' counsel has presented evidence of correspondence which demonstrates a good faith effort to obtain responses absent court involvement. Defense counsel's justification for the delay in responding (as noted in his correspondence to Plaintiffs' counsel) is that he has been in and out of the hospital the last couple of weeks. The Court finds that this delay in responding is "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Moreover, as this case is still in its early stages, there is no substantial prejudice to Plaintiffs. Defense counsel's failure to comply with this Memorandum Opinion and Order, however, will result in sanctions.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART. Defense counsel is ordered to produce his initial disclosures within **five (5) days** of the filing of this Memorandum Opinion and Order. Defense counsel shall also provide a date upon which a settlement conference may be conducted. No sanctions are awarded at this time.